IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Brandi R. Davis | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16-CV-529 |
| | ) | |
| Cavalry SPV I, LLC | ) | Jury Trial Demanded |
| | ) | |
|     Defendant | ) | |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

### JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Brandi R. Davis (hereafter referred to as "Plaintiff" and/or "Ms. Davis"), is a resident of this State, District and Division who is authorized by law to bring this action.

7. Defendant Cavalry SPV I, LLC (hereafter referred to as "Defendant," "Cavalry," or "Defendant Cavalry") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized in Delaware, with its principal office located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-1340 and maintains CT Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, TN 37929-9710, as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Defendant alleges Ms. Davis incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. In 2012, Ms. Davis received various collection letters relating to the collection of a debt claimed to be owed to Defendant Cavalry.

12. Specifically, Ms. Davis received:

a. Collection letter from Defendant's agent, Vision Financial Corp, dated March 6, 2012, collecting on behalf of an account owed to Defendant by Ms. Davis relating to a HSBC Bank Nevada, N.A./Orchard Bank account stating the balance amount as $1,955.97, account number ending in 0029 and pin number ending in 5782;

b. Collection letter from Defendant's agent, Central Portfolio Control, Inc., dated June 7, 2012, collecting on behalf of an account owed to Defendant by Ms. Davis relating to a HSBC Bank Nevada, N.A./Orchard Bank account stating the balance as $2,006.44, reference number ending in 6895;

c. Collection letter from Defendant Cavalry dated November 16, 2012, collecting upon a HSBC Bank Nevada N.A./Orchard Bank account stating the balance as $2,093.03, original account number ending in 6895 and Cavalry account number ending in 0029; and

d. Collection letter from Defendant's agent, Garner & Conner, PLLC dated December 11, 2012 collecting on behalf of Defendant Cavalry stating the balance as $2,106.31.

The four collection letters referenced supra are collectively attached hereto as Exhibit A and incorporated herein by reference.

13. Thereafter, Ms. Davis received a subsequent collection letter from Defendant Cavalry dated April 9, 2014 collecting on the same HSBC Bank Nevada N.A./Orchard Bank account, original account number ending in 6895, Defendant Cavalry account number ending in 0029 stating a balance owed of $2,180.67. A copy of the April 9, 2014 collection letter is attached

hereto as Exhibit B and incorporated herein by reference.

14. Thereafter, Ms. Davis was served with a Civil Warrant / Civil Summons (hereafter referred to as "Civil Warrant") from Cavalry issued July 23, 2015. A copy of the Civil Warrant is attached hereto as Exhibit C and incorporated herein by reference.

15. The Civil Warrant issued by Cavalry attempts to collect an amount of $1,938.98[1] from Ms. Davis

16. Attached to Civil Warrant is an "Affidavit of Claim," dated February 26, 2015 executed by Sheila Pickney. A copy of the Affidavit of Claim is attached hereto as Exhibit D and incorporated herein by reference.

17. The Affidavit states as follows:

I, Sheila Pinckney, being duly sworn on oath, depose and say:
1. I am employed by Cavalry Portfolio Services, LLC ("CPS"). CPS performs collection services for Cavalry SPV I, LLC ("Plaintiff"). I am an authorized agent for Plaintiff and am a competent person more than eighteen years of age. I am authorized to make this affidavit for Plaintiff.
2. I am familiar with the manner and method by which CPS and Plaintiff create and maintain business records pertaining to the Account as defined below.
3. In the normal course of business, CPS and Plaintiff maintain computerized account records and documents for account holders. CPS and Plaintiff maintain such records in the ordinary and routine course of business and it is their regular business practice to accurately record and business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence.
4. I have access to and have reviewed the applicable records of CPS and Plaintiff as they relate to the Account, and I make this Affidavit based upon information from that review. Information contained in those records reflects the following:
a. That the Account was purchased by Cavalry SPV I, LLC on or about 02/17/2012. The original creditor is HSBC Bank Nevada, N.A. \ Orchard Bank.
b. That the Defendant, Brandi R Davis, the account holder(s), opened an account on 04/10/2003, which account was charged off on 01/31/2012 (the "Account").
c. That as of 02/19/2015, the records of CPS and Plaintiff show that the defendant owed a balance of $1,938.98.

---

[1] In addition to costs of the action (Civil Warrant). See generally, Exhibit C.

18. On or about September 14, 2015, Ms. Davis and Cavalry entered into an agreed judgment in favor of Cavalry for its asking amount of $1,938.98 payable at $88.00 monthly at 5.25% post-judgment interest rate. A copy of the Judgment is attached hereto as Exhibit E and incorporated herein by reference.

19. Thereafter, Ms. Davis made one payment of $88.00 to Defendant in October 2015.

20. Ms. Davis received a collection correspondence from Cavalry's legal counsel relating to the state court action/Civil Warrant, BB&A, Andrews and Cox, P.C. doing business as Bleecker Brodey & Andrews (hereinafter referred to as "BB&A") dated October 19, 2015. A copy of the October 19, 2015 collection communication is attached hereto as Exhibit F and incorporated herein by reference.

21. The October 19, 2015 collection letter from BB&A on behalf of Defendant Cavalry was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

22. The October 19, 2015 collection communication recites the terms of the agreed judgment (see also Exhibit E) and states the court costs as $94.50.

23. Subsequently, Ms. Davis received a subsequent collection communication from BB&A dated November 30, 2015. A copy of the November 30, 2015 collection communication is attached hereto as Exhibit G and incorporated herein by reference.

24. The November 30, 2015 collection letter from BB&A on behalf of Defendant Cavalry was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

25. The November 30, 2015 collection letter stated Ms. Davis was in default of the terms of the agreed judgment and stated a balance owed of $2,054.95.

26. In March of 2016, a wage garnishment was issued against Ms. Davis whereby $78.14 was paid to Cavalry regarding the account at issue.

27. Further, Ms. Davis received a subsequent email collection communication from Defendant Cavalry's legal counsel, BB&A, dated August 12, 2016.

28. The August 12, 2016 collection letter from BB&A on behalf of Defendant Cavalry was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the August 12, 2016 collection communication is attached hereto as Exhibit H and incorporated herein by reference.

29. The August 12, 2016 collection letter states the balance due on the account at issue is $2,148.35.

30. Plaintiff has made one payment to the above-referenced account on October 16, 2015 in the amount of $88.00.

CAUSES OF ACTION
FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
UNFAIR PRACTICES

31. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 30 above as if set forth fully herein.

32. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

33. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account.

34. While outside the FDCPA one year statute of limitations, Defendant Cavalry has a pattern of attempting to collect amounts neither expressly authorized by the agreement creating the debt nor permitted by law as evidenced in the collection communications in 2012 and 2014 which all attempt to collect a different amount on a charged off account. See Exhibits A and B.

35. To that end, Defendant's attempts to collect amounts neither expressly authorized by the agreement creating the debt nor permitted by law have continued within the past year, in violation of the FDCPA.

36. Specifically hereto, Cavalry and Ms. Davis mutually entered into an agreed judgment in Knox County General Sessions Court on September 14, 2015 in the amount of $1,938.98 at an interest rate of 5.25% (see Exhibit E) in addition to cost of suit ($94.50 per the collection correspondence dated October 19, 2015 by BB&A on behalf of Cavalry, see Exhibit F).

37. While Ms. Davis did make one payment of $88.00 in October 2015, the subsequent collection correspondence dated November 30, 2015 by Cavalry states the balance at $2,054.95. The September 14, 2015 judgment amount of $1,938.98 in addition to the court costs of $94.50 equates to a balance of $2,033.48. With a payment in October 2015 of $88.00 by Ms. Davis, this balance amount should have been reduced to $1,945.48; however, Defendant Cavalry is attempting to collect an improper balance amount of $2,054.95 in its November 30, 2015 collection letter (Exhibit G).

38. Even with factoring in post-judgment interest of 5.25% per annum over a two month time period[2], Defendant Cavalry is attempting to collect an amount not permitted by law in violation of 15 U.S.C. §1692f(1).

39. Further, the amount demanded in Defendant Cavalry's August 12, 2016 of

---

[2] Date of agreed judgment entered September 14, 2015 and the November 30, 2015 Cavalry collection letter.

$2,148.35 also is attempting to collect amounts to which is not provided for by law.

40. Specifically, Ms. Davis' wages were garnished in March 2016 in the amount of $78.14. Defendant Cavalry does not credit Ms. Davis for this amount whereby the balance continues to increase by amounts not provided for by law and in violation of the FDCPA.

41. A simple understanding of accruing interest shows that the amounts demanded by Defendant is a result of Defendant's efforts to keep Ms. Davis confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

42. By demanding amounts that increase at a rate of interest which is inconsistent with the post-judgment rate of interest, Defendant has confused Ms. Davis as to what amount of money she owes on this account.

43. Ms. Davis asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

44. Ms. Davis further asserts that Defendant is attempting to keep her confused as to the amount owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

45. Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendant may still seek more from her in the future.

46. The collection letters from Defendant assert varying balances owed, and after

8

calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the post-judgment interest rate.

47. As a result of Defendant's actions, Ms. Davis is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

<u>SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO
THE AMOUNT OF THE ALLEGED DEBT</u>

48. The Ms. Davis incorporates the allegations set forth in Paragraphs 1 through 47 above as if set forth fully herein.

49. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

50. Each collection letter from Defendant Cavalry received by Ms. Davis within one year of this Complaint demands a different amount owed by Ms. Davis to Defendant Cavalry. See Exhibits G and H.

51. As more fully described in the first cause of action *supra*, a calculation of the time between the Cavalry's collection letters, payments received from Ms. Davis and the amounts sought show that each and every collection effort has accrued a different amount of interest, and none of them applied the proper rate of interest or an amount permissible by applicable law.

52. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendant has confused Ms. Davis as to what amount of money is owed on this account.

53. Ms. Davis is confused as to what amount on this account since she has received various collection letters with varying balances and non-contractual interest rates applied.

54. As a result of Defendant's actions, Ms. Davis is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

55. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 54 above as if set forth fully herein.

56. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT(S) AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant(s) to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 26th day of August, 2016.

                                                                                  BRANDI R. DAVIS

                                            BY:    /s/ Brent Travis Strunk
                                                          Brent Travis Strunk (BPR 023050)
                                                          Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net

11

Case 3:16-cv-00529-TRM-HBG   Document 1   Filed 08/26/16   Page 11 of 11   PageID #: 11